IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>             Plaintiff,<br><br>vs.<br><br>ESTATE OF BONNIE MATULKA, et al.,<br><br>             Defendants. | 4:13-CV-3049, 4:13-CV-3051,<br>4:13-CV-3052, 4:13-CV-3053<br><br>MEMORANDUM<br>AND ORDER |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>             Plaintiff,<br><br>vs.<br><br>ROBERT T. MADEJ, et al.,<br><br>             Defendants. | 4:13-CV-3050, 4:13-CV-3054<br><br>MEMORANDUM<br>AND ORDER |

These cases are before the Court on the plaintiff's motions to remand (No. 4:13-cv-3049 filing 10, No. 4:13-cv-3050 filing 10, No. 4:13-cv-3051 filing 9, No. 4:13-cv-3052 filing 9, No. 4:13-cv-3053 filing 9, No. 4:13-cv-3054 filing 9). For the following reasons, those motions will be granted.

The plaintiff filed its state court complaints (filing 1-11)[1] on July 7, 2011, alleging various claims for relief arising out of the Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 *et seq*. The defendants answered (filing 1-19) on September 26, contesting the plaintiff's allegations and counterclaiming for quiet title and injunctive relief. Eventually, the plaintiff moved for summary judgment, on December 3, 2012. Filing 1-23. A hearing on the motions was scheduled for December 17. Filing 1-23. The defendants

---

[1] As the caption reflects, there are actually several consolidated cases here. The pleadings and procedural posture of the cases are substantially indistinguishable, so for the sake of simplicity and convenience, the Court will generally cite to the pleadings in the "lead case," No. 4:13-cv-3049. *See* filing 7.

moved to continue the hearing (filing 1-24), and it was then scheduled for January 23, 2013. Filing 1-26. On the defendants' motion the hearing was continued again, until February 22. Filing 1-27 at 5. That hearing was continued because of weather until March 4. Filing 1-27 at 5. At the March 4 hearing, the defendants moved for yet another continuance, but that motion was overruled, and the plaintiff's summary judgment motions were taken under advisement. Filing 1-27 at 5. The defendants filed a notice of removal to federal court on March 19. Filing 1.

In response to a briefing order from this Court on the subject of jurisdiction, the plaintiff has filed a brief which it asks the Court to consider as a motion to remand.[2] Filing 10. The plaintiff's claims are state law claims, filed in state court. The defendants removed these actions from state to federal court pursuant to 28 U.S.C. § 1441, which allows a defendant to remove a case from state to federal court if, among other things, there is diversity of citizenship among the parties or if the case involves a federal question. But neither ground provides a basis for removal here.

Specifically, § 1441(b) allows a defendant to remove a case from state to federal court based on diversity of citizenship provided no defendant "is a citizen of the State in which such action is brought." § 1441(b)(2); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). The defendants are residents of Nebraska, filing 1 at 2, and the suit was filed in Nebraska state court. Therefore, the defendants are unable to remove this case to federal court based on diversity.

Additionally, the Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. So, § 1441(a) allows a party to remove a claim which arises under federal law. However, whether a claim arises under federal law must be determined by reference to the well-pleaded complaint, and "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The defendants allude to a federal question, a due process defense, in their notice of removal. Filing 1. But because the federal question is not housed in the well-pleaded complaint, the Court does not have federal question jurisdiction.[3]

---

[2] And of course, even before the motions were filed, the Court had an obligation to consider its subject matter jurisdiction *sua sponte* where there was a reason to suspect that such jurisdiction was lacking. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

[3] The Court notes, for the sake of completeness, that the purported due process question at issue seems to be a general complaint about the constitutionality of § 76-1010 of the Nebraska Trust Deeds Act. Of course, § 76-1010 (and the rest of the Nebraska Trust Deeds Act) has been implicated in these proceedings from the beginning. Yet it does not appear

The plaintiff also contends that removal was improper because it was untimely. Filing 10 at 2-4. That argument is likely correct, but the Court need not reach it given the discussion above. The plaintiff also suggests that the state court has decided these cases in the meantime. Filing 10 at 4. The Court notes that because these cases were not properly removed, the rulings of the state court in the interim are not void for lack of jurisdiction. *See, Metro. Cas. Ins. Co. v. Stevens,* 312 U.S. 563, 566 (1941); *Stuart v. Bank of Staplehurst,* 78 N.W. 298, 299 (Neb. 1899).

The Court also notes that pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court may award attorney fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Court can find no objectively reasonable basis for seeking removal here, and the record strongly supports an inference that removal was an attempt by the defendants to delay the litigation. *See id.* at 140. Accordingly, the Court will award costs and expenses, including attorney fees, upon the filing of a bill of costs pursuant to NECivR 54.1 and a motion for attorney fees pursuant to Fed. R. Civ. P. 54(d)(2) and NECivR 54.3. The plaintiff is also directed to the fee application guidelines contained in NECivR 54.4, and should take care (given the nature of this litigation) to carefully note what costs and expenses were "incurred as a result of the removal." *See* § 1447(c).

IT IS ORDERED:

1. The plaintiff's motions to remand (No. 4:13-cv-3049 filing 10, No. 4:13-cv-3050 filing 10, No. 4:13-cv-3051 filing 9, No. 4:13-cv-3052 filing 9, No. 4:13-cv-3053 filing 9, No. 4:13-cv-3054 filing 9) are granted.

2. These actions are remanded to the District Court of Lancaster County, Nebraska.

---

that due process was asserted as a defense in the state court proceedings, nor is there any apparent reason why the issue was not raised before the defendants' notice of removal. The most obvious explanation is that it is a belated attempt to justify an untimely and unfounded removal to federal court. But because a defense does not suffice to confer federal question jurisdiction in any event, the Court need not conclusively determine whether any due process question was appropriately presented or preserved.

- 4 -

3. The plaintiff shall be awarded costs and expenses, including attorney fees, upon the filing of a bill of costs pursuant to NECivR 54.1 and a motion for attorney fees pursuant to Fed. R. Civ. P. 54(d)(2) and NECivR 54.3.

Dated this 18th day of June, 2013.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge

- 4 -